MICHAEL P. DACQUISTO
Chapter 7 Trustee
PO Box 992631
Redding, California 96099-2631

Telephone: (530) 244-6267
Fax: (530) 244-0907
Email: mdacquisto@charter.net

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:                                    NO. 09-30846-C-7

REX EUGENE THOMPSON,                      DCN:    MPD-2
DEBORA K. THOMPSON
                                          Date:   October 26, 2010
            Debtors         /             Time:   9:30 a.m.
                                          Place:  Courtroom 35, Dept C
                                                  501 I Street, 6th Floor
                                                  Sacramento, CA 95814

MOTION FOR AUTHORIZATION (1) TO SELL THE DEBTORS' INTEREST IN REAL PROPERTY DESCRIBED AS COMMERCIAL REAL PROPERTY AT 434-830 DOYLE LOOP, DOYLE, CALIFORNIA, BEARING LASSEN COUNTY APN #141-153-01 FREE AND CLEAR OF LIENS AND (2) TO PAY A REAL ESTATE COMMISSION, COSTS OF SALE AND LIENS OF RECORD

    Michael P. Dacquisto (hereafter "Dacquisto") the chapter 7 trustee in this case submits the following for the court's consideration in connection with his motion for authorization (1) to sell the debtors' interest in real property described as commercial real property at 434-830 Doyle Loop, Doyle, California, bearing Lassen County APN #141-153-01 (hereafter "Property") free and clear of liens for $18,000.00 and (2) to pay a real estate commission of $1,080.00 to Susan River Realty who represents both the Seller and the Buyer, costs of sale and liens of record.

Page 1

## I. STATEMENT OF FACTS

These proceedings were instituted when the debtors Rex Eugene Thompson and Debora K. Thompson filed their petition under the United States Bankruptcy Code on May 29, 2009. Dacquisto was appointed the Chapter 7 trustee.

During the course of administering the estate Dacquisto discovered one of the assets of this estate is the debtors' interest in the Property. Dacquisto wishes to sell this Property to generate funds for the estate and requests authorization (1) to go forward and complete this sale and (2) to pay a real estate commission, costs of sale and liens of record.

Dacquisto has accepted an offer from Lyn Haynes (hereafter "Buyer") subject to court approval and potential overbid to buy the debtors' interest in the Property for $18,000.00. Dacquisto understands the proposed Buyer is not related to the debtors in the instant bankruptcy estate. From the sales price deductions of (1) eight percent or $1,440.00, as an estimate for the commission, closing costs and other miscellaneous fees, (2) approximately $0.00 for deeds of trust recorded against the Property, and (3) approximately $2,000.00 for estimated unpaid real property taxes will be made. This leaves a recovery for the estate of approximately $14,560.00. The preliminary title report has not yet been received or reviewed. If these figures are significantly different a supplement to this motion will be filed.

Dacquisto believes this price is at or near the present maximum obtainable sale price for the Property. This property is an old gas station the debtors had purchased with the hopes of turning it into a church. During a recent storm the building suffered damage. There is a leak in the roof and water is coming into the building. The bankruptcy estate has no funds to fix this problem. Doyle is a very small community and its economy is poor. A number of buyers have looked at the Property but none have made an offer. Failure to sell at this price and time may result in detriment to the estate, rather than gain. Delay may result in diminution in value of the Property and potentially increased holding costs.

Under the real estate sales contract and order approving employment the commission to be paid is six percent of the sales price or $1,080.00. Dacquisto requests authorization for payment of a real estate commission to Susan River Realty, whose

employment was approved by order filed on August 12, 2009, who represents both the Seller and the Buyer. The sales contract also requires payment of certain customary costs of sale and payment of liens of record. Dacquisto requests authorization for payment of those items from the sales proceeds.

**II. MEMORANDUM OF POINTS AND AUTHORITIES**

**A. THIS COURT HAS AUTHORITY TO AUTHORIZE THE SALE OF ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS UNDER 11 U.S.C.§363(b)(1).**

Title 11 U.S.C. §363(b)(1) provides:

> "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." (11 U.S.C. §363(b)(1))

This court's power to authorize the proposed sale under 11 U.S.C. § 363(b) is to be exercised in its discretion. *In re Lionel Corp.* 722 F.2d 1063, 1069 (2d Cir. 1983); *In re Coastal Cable T.V., Inc.* 24 B.R. 609, 611 (Bankr. 1st Cir. 1982), rev. on other grounds, 709 F.2d 762 (1st Cir. 1983); *In re Baldwin United Corp.* 43 B.R. 888, 905 (Bankr. S.D. (Ohio 1984); *In re Ancor Exploration Co.* 30 B.R. 803, 808 (Bankr. N.D. Okla. 1983).

In Lionel, *supra*, a standard was established against which to measure the court's judicial exercise of its discretionary powers to approve a sale of assets outside the ordinary course of business under 11 U.S.C. §363(b). The *Lionel* court held that for the court to exercise proper discretion, a good business reason must be shown. Further, the court stated the discretionary power was available to further the interests of the debtor, its creditors, and its equity security holders. *Id.* at 1071.

The *Lionel* decision was adopted by the Ninth Circuit Bankruptcy Appellate Panel in *Walter v. Sunwest Bank* (*In re Walter*), 83 B.R. 14 (Bankr. 9th Cir. 1988), which approved language that the trustee must demonstrate a good business reason for selling the property.

In this case Dacquisto has sound business reasons for selling the Property. He will be able to liquidate an asset and create a fund out of which creditors will be paid. The price being paid for the Property is fair and reasonable. Selling now prevents further delay,

possible decrease in value and potential additional costs associated with continued holding of the Property. Under these circumstances this court's approval of the proposed sale would be a sound exercise of its discretion.

**B. THIS COURT HAS AUTHORITY TO AUTHORIZE THE SALE BE MADE FREE AND CLEAR OF LIENS UNDER 11 U.S.C.§363(f).**

Title 11 U.S.C. §363(f) allows a sale free and clear of liens only if (1) permitted by non bankruptcy law, (2) the lien holders consent to such sale, (3) the proposed purchase price exceeds the total value of the liens against the property, (4) a good faith dispute concerning the validity of the liens exists, or (5) in a judicial proceeding the lien holders are compelled to accept a money satisfaction of their interest.

Here the proposed sale satisfies the third condition because the purchase price exceeds the total value of the liens against the Property. The liens will be paid from the sales proceeds. Consequently the sale should be made free and clear of liens.

### III. CONCLUSION

For all the reasons set forth above Dacquisto respectfully requests this court enter an order authorizing him to sell the Property under the terms and conditions set forth above and in the real estate sales contract, that the court authorize him to sign all documents necessary or convenient to complete the sale, that the court authorize and approve payment of the real estate commission, costs of sale and liens of record, that no further motion or order of the court be required with regard to completing the sale, and for any further relief the court deems appropriate.

Date: September 27, 2010

/s/ Michael P. Dacquisto
MICHAEL P. DACQUISTO
Chapter 7 Trustee